IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **BRIAN TUCKER,** | § | |
| | § | |
| **V.** | § | A-11-CV-844 SS |
| | § | |
| **CLAUDE MAYE, WARDEN,** | § | |
| **BASTROP FEDERAL CORRECTIONAL** | § | |
| **INSTITUTION, BASTROP, TEXAS,** | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE SAM SPARKS
       UNITED STATES DISTRICT JUDGE

The undersigned magistrate judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates Judges, as amended.

Before the Court is Petitioner's Application for Writ of Habeas Corpus Under 28 U.S.C. § 2241, filed September 23, 2011 (Clerk's Dkt. #1). After considering the parties' pleadings, the record, and the relevant law, the Magistrate Court issues the following Report and Recommendation.

**I.    BACKGROUND**

Petitioner Brian Tucker ("Tucker") was convicted on December 21, 2006, in the United States District Court for the District of Utah in cause number 2:04-CR-170 of the following four charges: (1) armed bank robbery in violation of 18 U.S.C. § 2113(a) (Count One); (2) using and carrying a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(2) (Count Two); (3) use of an explosive device in the commission of a violent felony in violation of 18 U.S.C.

§§ 844(h)(1) and (2) (Count Five); and (4) bank robbery in violation of 18 U.S.C. § 2113(a) (Count Six).

Petitioner has made numerous post-conviction attacks on his sentence.[1] On December 28, 2006, Petitioner gave notice of an appeal of his sentence in which he alleged the government breached his plea agreement. The Tenth Circuit Court of Appeals affirmed the District Court's sentence on October 27, 2007. On December 26, 2007, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. In his § 2255 petition, Tucker asserted, among a number of claims, that there was no factual basis to support his conviction under 18 U.S.C. § 924(c) because he did not know his co-defendants intended to employ the firearms used in the bank robbery. On March 17, 2008, the Court issued an order denying Petitioner's motion, specifically finding there were sufficient facts in the record to support Tucker's conviction under § 924(c).

On March 26, 2008, Petitioner appealed the denial of his § 2255 motion. On March 26, 2008, Petitioner filed a Motion to Reconsider his § 2255 motion. The Tenth Circuit abated his appeal pending resolution of the motion. On May 28, 2008, the District Court interpreted the Motion to Reconsider to be a second or successive § 2255 and transferred the matter to the Tenth Circuit for consideration. On August 27, 2008, the Tenth Circuit dismissed the matter after Petitioner failed to comply with an order directing him to file a motion seeking authorization to file a successive § 2255 motion. On November 3, 2008, the Tenth Circuit denied a certificate of appealability for Tucker's appeal of the denial of his section 2255 motion.

---

[1] In addition to the motions described herein, Petitioner also submitted a number of other motions challenging his judgment and sentence.

Petitioner Tucker now seeks habeas relief pursuant to 28 U.S.C. § 2241. He argues the Supreme Court's decision in *United States v. Bailey*, 516 U.S. 137 (1997) redefined and substantially narrowed the meaning of "use" under 18 U.S.C. § 924(c) such that "the government must show active employment of the firearm to prove that a defendant used a firearm in a crime of violence." *Bailey*, 516 U.S. at 138. Petitioner concludes that to be found liable as an aider and abettor under § 924(c), the government was required to prove that he knew a firearm would be used in the commission of the underlying offense and that he took some action to facilitate or encourage the use or carrying of a firearm. Petitioner asserts that the government failed to satisfy the "use" requirement of § 924(c) as narrowed by *Bailey*.

## II.   DISCUSSION

As a threshold matter, the Court must determine whether Tucker's claims are properly raised in a § 2241 habeas petition. A collateral attack on a federal criminal conviction is generally limited to a motion to correct, vacate or set aside sentence under 28 U.S.C. § 2255. *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). An application for writ of habeas corpus brought under 28 U.S.C. § 2241 is properly construed as a § 2255 motion if it seeks relief based on errors that occurred at trial or sentencing. *Id.* at 877-78. However, the savings clause of § 2255 permits a petitioner to seek habeas relief under § 2241 when the remedy provided under § 2255 is inadequate or ineffective. *Jeffers v. Chandler*, 234 F.3d 277, 280-81 (5th Cir. 2001); *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999) (custodial court has jurisdiction to determine whether petitioner's claims are properly brought under § 2241 via the savings clause of § 2255). A § 2241 petition is not, however, a substitute for a motion under § 2255, and the burden of coming forward with evidence to show the inadequacy or ineffectiveness of § 2255 rests on the petitioner. *Id.*

A petitioner must satisfy two factors to demonstrate inadequacy or ineffectiveness. First, his claims must be based on a retroactively applicable Supreme Court decision establishing he may have been convicted of a nonexistent offense. *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). Second, petitioner must show his claims were foreclosed by circuit law at the time when the claims should have been raised in his trial, appeal, or first § 2255 motion. *Id.*

Petitioner claims § 2255 is inadequate or ineffective because the Supreme Court's decision in *United States v. Bailey*, 516 U.S. 137 (1997) limits liability under 18 U.S.C. § 924(c)(2) such that Petitioner may have been convicted of a nonexistent offense. In support of his theory he cites a number of cases holding a habeas challenge based on the decision in *Bailey* could properly be brought under section 2241. (Pet. at 5-6). However, those cases are factually distinguishable from Tucker's because they involve convictions obtained prior to the date *Bailey* was decided. Here, Petitioner was convicted in 2007; *Bailey* was decided ten years earlier in 1997. The *Bailey* decision cannot retroactively establish that Petitioner may have been convicted of a nonexistent offense since the decision predates his conviction. Petitioner thus fails the first prong of the *Reyes-Requena* test.

Petitioner also fails the second prong because his claim under *Bailey* was not foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion. The Petitioner offers no explanation for his failure to raise this claim in his trial, appeal, or first § 2255 motion. Thus, Petitioner's has not established § 2255 is an inadequate remedy. Accordingly, he is not entitled to seek habeas relief in a § 2241 proceeding.

### III.   RECOMMENDATION

The undersigned RECOMMENDS that the District Court DISMISS Petitioner's Application for Writ of Habeas Corpus Under 28 U.S.C. § 2241, filed September 23, 2011 (Clerk's Dkt. #1).

## IV.      OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections.  See Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 12th day of December, 2011.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE